FILED
United States Court of Appeals
Tenth Circuit

**May 6, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

HUGO GARCIA-GUTIERREZ,

    Defendant-Appellant.

No. 07-2199

(D.C. No. CR-07-1031-JP)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, MURPHY**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Defendant Hugo Garcia-Gutierrez pled guilty to one count of illegal re-entry by a deported alien previously convicted of a felony, in violation of 8 U.S.C. § 1326(a) & (b)(1). The district court sentenced him to eight months'

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment, followed by three years of supervised release. On appeal, Defendant's counsel has filed an <u>Anders</u> brief, arguing that there are no legally viable issues for appeal. See <u>Anders v. California</u>, 386 U.S. 738 (1967). Neither the government nor Defendant has filed a response. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss the appeal and grant counsel's motion to withdraw.

I.

After Defendant pled guilty, the presentence report ("PSR") indicated that Defendant's base offense level was eight. U.S.S.G. § 2L1.2(a). Defendant received a four-level enhancement because of a previous felony conviction for criminal trespass. See <u>id.</u> § 2L1.2(b)(1)(D). He also received a two-level reduction for acceptance of responsibility, see <u>id.</u> § 3E1.1(a), which resulted in a total offense level of ten. In addition, because Defendant's prior conviction had resulted in a sentence of twenty-three months' imprisonment, the PSR assessed him three criminal history points. See <u>id.</u> § 4A1.1(a). This produced a criminal history category of II, which, when combined with Defendant's total offense level of ten, resulted in a Guidelines range of eight to fourteen months' imprisonment. See <u>id.</u> ch. 5, pt. A.

Defendant did not object to the calculations in the PSR. Rather, Defendant requested a sentence of eight months' imprisonment—the bottom of the Guidelines range. At the sentencing hearing, the district court granted

Defendant's request and imposed a sentence of eight months' imprisonment.

Defendant's counsel has now filed an <u>Anders</u> brief, arguing that there are no legally viable issues for appeal. Neither the government nor Defendant has filed a response.

II.

Under <u>Anders,</u> a court-appointed defense counsel who has "conscientiously examine[d] a case" and concluded "that any appeal would be wholly frivolous," may

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

<u>United States v. Calderon</u>, 428 F.3d 928, 930 (10th Cir. 2005) (citing <u>Anders</u>, 386 U.S. at 744).

We agree with counsel that no potentially meritorious issues exist on appeal. There is no reason to believe that Defendant's plea was anything other than knowing and voluntary. <u>See</u> <u>Brady v. United States</u>, 397 U.S. 742, 755-56, (1970).

The record also indicates that Defendant's sentence was both procedurally and substantively reasonable. As the Supreme Court recently explained in <u>Kimbrough v. United States</u>, --- U.S. ---, 128 S. Ct. 558, 564 (2007),

-3-

"'reasonableness' is the standard controlling appellate review of the sentences district courts impose."  First, we review for procedural reasonableness, asking whether the district court committed a procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  Gall v. United States, --- U.S. ---, 128 S. Ct. 586, 597 (2007).  We then review for substantive reasonableness "under an abuse-of-discretion standard," and, "[w]hen conducting this review, [we] will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range."  Id.; see also United States v. Smart, 518 F.3d 800, 804-10 (10th Cir. 2008).

Here, the district court correctly calculated the Guidelines range, and the district court considered the sentencing factors in 18 U.S.C. § 3553(a).  Further, the district court did not abuse its discretion in sentencing Defendant to eight months' imprisonment, at the bottom of the Guidelines range.  Defendant's sentence was procedurally and substantively reasonable.

The appeal is DISMISSED, and counsel's motion to withdraw is
GRANTED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge